UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ARMANDO NAVAR, :
:
      Petitioner, : Civ. No. 13-4978 (RBK)
:
v. : **OPINION**
:
JORDAN HOLLINGSWORTH, Warden, :
:
      Respondent. :
:

**<u>ROBERT B. KUGLER, U.S.D.J.</u>**

### I.    INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey. On August 19, 2013, the Court received petitioner's a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On August 29, 2013, the Court denied petitioner's application to proceed *in forma pauperis* because his prison account statement indicated that he had over $200.00. Accordingly, the matter was administratively terminated, but petitioner was given thirty days to pay the applicable $5.00 filing fee. (*See* Dkt. No. 3.) Thereafter, petitioner submitted another *pro se* petition for writ of habeas corpus and paid the $5.00 filing fee. (*See* Dkt. No. 4.) Accordingly, the Clerk will be ordered to reopen this case. For the following reasons, the petition will be dismissed due to a lack of jurisdiction.

### II.    BACKGROUND

In 2006, petitioner received a sentence of 324 months imprisonment after a jury found him guilty of conspiracy to distribute cocaine, distribution of over five kilograms of cocaine and use of a communication facility during a felony in the United States District Court for the Northern District of Illinois. (*See* Dkt. No. 4-1 at p. 15-16.) The United States Court of Appeals

1

for the Seventh Circuit affirmed the judgment and conviction on March 3, 2009. *See United States v. Recendiz*, 557 F.3d 511 (7th Cir. 2009).[1]

Thereafter, in August, 2010, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the Northern District of Illinois. *See Navar v. United States*, No. 10-4874, 2011 WL 3584779, at *2 (N.D. Ill. Aug. 10, 2011). Petitioner raised ineffective assistance of trial and appellate counsel claims in that motion that were denied. On March 1, 2012, the Seventh Circuit denied a certificate of appealability on petitioner's § 2255 motion. (*See* N.D. Ill. No. 10-4874, Dkt. No. 22.)

Petitioner then filed an application to file a second or successive § 2255 motion with the Seventh Circuit. In that motion, petitioner argued that counsel neglected to inform him about plea negotiations with the government. He relied on *Lafler v. Cooper*, - U.S. -, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, - U.S. -, 132 S. Ct. 1399 (2012) to support his arguments. On April 1, 2013, the Seventh Circuit denied the motion to file a second or successive § 2255 concluding that neither *Lafler* nor *Frye* announced a new constitutional rule. (*See* Dkt. No. 4-1 at p. 4.)

Petitioner has now filed this § 2241 petition in this Court. He argues that he was not provided effective assistance of counsel during the plea bargaining process. More specifically, petitioner states that, "counsel was ineffective for failing to obtain the status of plea discussions from previous counsel[,] for failing to discuss the sentencing range with Mr. Navar and for failing to obtain the plea information from the prosecuting attorney." (Dkt. No. 4 at p. 20.) He states that he received a sentence substantially greater at trial than he would have otherwise received had he been provided effective assistance of counsel and pled. In support of his

---

[1] The Court takes judicial notice of the judicial opinions from petitioner's direct appeal and his subsequent habeas petition. *See McPherson v. United States*, 392 F. App'x 938, 940 (3d Cir. 2010) (taking judicial notice of the official record of prior court proceedings); *McTernan v. City of York, Pa.*, 577 F.3d 521, 526 (3d Cir. 2009) ("[A] court may take judicial notice of a prior judicial opinion.").

petition, he argues that the United States Supreme Court decisions in *Lafler* and *Frye* stated a new constitutional rule that entitle him to relief.

### III. STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV. DISCUSSION

Petitioner argues that he is entitled to bring this § 2241 petition in this Court as § 2255 is inadequate or ineffective to test the legality of his detention. Petitioner asserts that *Lafler* and *Frye*, which were decided after his previous § 2255 motion was denied in the Northern District of Illinois, created new constitutional rights that are applicable to his case.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, No. 13-2500, 2013 WL 4419333, at *1 (3d Cir. Aug. 20, 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).

3

This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful [sentence] claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, *the one-year statute of limitations has expired*, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539 (emphasis added and citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the

4

Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of section 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner does not allege facts which bring him within the *Dorsainvil* exception. Indeed, petitioner takes issue with the pretrial plea negotiations and states that he would have plead guilty in exchange for a lesser sentence, not that he was actually innocent of his crimes for which he was charged. (*See* Dkt. No. 4 at p. 16.) Thus, the *Dorsainvil* exception does not apply to petitioner's case.

Nevertheless, petitioner also cites to the United States Supreme Court decisions in *Lafler* and *Fry*e and claims that they "created a new rule with respect to pleas and their importance in the adversarial process." Section 2255(h)(2) permits a petitioner to seek authorization from the appropriate Court of Appeals if it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable."

At the outset, this District Court is not the proper forum for which petitioner should seek leave to file a second or successive § 2255 motion. Indeed, as noted in Part II, *supra*, petitioner previously unsuccessfully sought leave from the Seventh Circuit to file a second or successive § 2255 motion based on *Lafler* and *Frye*.

In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *See* 132 S. Ct. at 1386. The defendant received a sentence significantly more severe at trial than he likely have received

by pleading guilty. *See id.* Ultimately, the Supreme Court held that the proper remedy to cure the ineffective assistance of counsel was to order the prosecution to reoffer the plea agreement and allow the state trial court to "exercise its discretion in determining whether to vacate the convictions and resentence respondent pursuant to the plea agreement, to vacate only some of the convictions and resentence respondent accordingly, or to leave the convictions and sentence from trial undisturbed." *Id.* at 1391.

In *Frye*, the United States Supreme Court held that "defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be acceptable to the accused." 132 S. Ct. at 1408. Where defense counsel fails to communicate these formal offers to the defendant, it constitutes deficient performance. *See id.* at 1409. With respect to a showing of prejudice, the Supreme Court stated that:

> [t]o show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution cancelling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law.

*Id.*

"Although the Court of Appeals for the Third Circuit has yet to address the issue whether *Lafler* and *Frye* recognized a new right, other courts of appeals . . . have held that neither case (1) created new rights that are (2) retroactively applicable to cases on collateral review." *Sayles v. United States*, No. 12-1644, 2013 WL 4523593, at *4 (W.D. Pa. Aug. 27, 2013) (citing *Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013); *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *United States*

6

*v. Lawson*, No. 12-3240, 2012 WL 6604576, at *3 (10th Cir. 2012); *In re Perez*, 682 F.3d 930, 933 (11th Cir. 2012); *United States v. Denson*, Crim. No. 08-CR-0365, 2013 WL 588509, at *1 (W.D. Pa. Feb. 11, 2013)); *see also Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012). This District has also held that *Lafler* and *Frye* do not announce a new constitutional rule that is retroactively applicable on collateral review. *See Olivera v. Warden Fort Dix Prison*, No. 12-3064, 2013 WL 1144783, at *4 (D.N.J. Mar. 18, 2013). In petitioner's own case, the Seventh Circuit has similarly held when it denied petitioner's motion to bring a second or successive § 2255 motion based on *Lafler* and *Frye*. Accordingly, for the reasons stated above, petitioner fails to show that he is entitled to relief on his § 2241 petition as this Court lacks jurisdiction. *Accord Olivera,* 2013 WL 1144783, at *3-4 (finding that petitioner bringing § 2241 petition failed to allege facts within *Dorsainvil* exception where he did not allege actual innocence but took issue with pretrial plea negotiations).

      Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. This Court finds that it is not in the interest of justice to transfer this action to the Seventh Circuit as a request to file a second or successive § 2255 motion. *Lafler* and *Frye* did not create a new rule of constitutional law and petitioner already had his motion to file a second or successive § 2555 motion that relied on *Lafler* and *Frye* denied by the Seventh Circuit.

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed for lack of jurisdiction.  An appropriate order will be entered.


DATED:  November 7, 2013

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge